JAMES G. KING et al. *vs.* THE PATERSON AND HUDSON RIVER RAILROAD COMPANY.

1. When a dividend is declared, it becomes a debt due from the corporation to the individual stockholder, and after demand of payment, an action at law may be maintained for its recovery.

2. If a dividend is declared payable elsewhere than at the office of the corporation, the party through whom it is paid becomes the agent of the

company; and if such agent fail to pay it over to the stockholder entitled to receive it, the loss falls upon the corporation, and an action may be maintained against them by the stockholder to recover the dividend.

In error to the Supreme Court.

*I. W. Scudder* and *A. O. Zabriskie*, for plaintiffs.

*B. Williamson*, for defendants.

The opinion of the court was delivered by

The CHANCELLOR. The action is brought to recover the amount of two dividends, declared in January and July, 1857, upon two hundred shares of the capital stock of the corporation owned by the plaintiffs. The dividends were made payable at the branch office of the Ohio Life Insurance and Trust Company, in the city of New York, the trust company being appointed registers of the railroad company to transfer stock and to pay dividends. Notice of the dividends and of the time and place of payment was published in a newspaper printed and published in the city of New York. The money to pay the dividends was deposited by the defendants in the office of the trust company, before the day of payment of each of said dividends, ready to be paid to the plaintiffs on their application. The money was left in the hands of the trust company until the 24th of August, 1857, when the company failed, and the money was lost.

After a dividend is declared, all community of interest in relation to such dividend, as between the stockholders themselves and between the stockholders and the corporation, is at an end. The right of a party to whom the dividend is payable is recognized as a separate and independent right, which may be enforced as against the corporation. *Davis* v. *The Bank of England*, 5 *Barn. & Cress.* 185; *Coles* v. *The Bank of England*, 10 *Ad. & E.* 437; *Carlisle* v. *South Eastern Railway Co.*, 6 *English Rail. Cas.* 685; 1 *Shelf. on Rail.* 205.

This principle was fully recognized in *Le Roy* v. *The Globe Insurance Co.*, 2 *Edw. Ch. R.* 657, although the precise character of the relation subsisting between the stockholder and the corporation in respect to the dividend was not clearly defined. In the opinion of the Vice Chancellor, if payment of the dividends declared is withheld by a solvent corporation, payment may be enforced at the instance of the stockholders by *mandamus*, by suit at law on behalf of individual stockholders for the payment of the money, or by bill in equity to obtain possession of the money as a trust fund, which the corporation were bound to distribute, and over which they had no other control. In that case, the company being insolvent, it was held that the money appropriated and set apart for distribution among the stockholders by way of dividend became a trust fund in the hands of the corporation, to which the stockholders, as individuals, had acquired vested rights, and that they consequently were entitled to the fund in preference to the creditors of the corporation.

In *Kane* v. *Bloodgood*, 7 *Johns. C. R.* 90, Chancellor Kent held that an action at law for money had and received would lie by a stockholder against a corporation for the recovery of a dividend, and that it was not such an express trust as would take the case out of the statute of limitations.

The true principle is, that the dividend, from the time that it is declared, becomes a debt due from the corporation to the individual stockholder, for the recovery of which, after demand of payment, an action at law may be maintained. *State* v. *Balt. and Ohio Railway*, 6 *Gill* 363; *Phil., Wil. and Balt. Railway* v. *Crowell*, 28 *Penn. St. Rep.* 329; *Ohio City* v. *Cleveland and Toledo Railway*, 6 *Ohio St. Rep.* 329.

Like any other debt, it may be set off against the debt of the stockholder to the corporation. *Bates* v. *New York Insurance Co.*, 3 *Johns. Cas.* 238; 12 *Serg. & R.* 77.

It may be, by banking corporations, sometimes carried

to the general account of the stockholder with the corporation, and is thus applied in adjusting balances between the parties or in satisfying the claims of the corporation against the stockholder. They thus act in the character not of trustees, but of debtors. The fund is dealt with not as a trust fund, but as money due. And why should it not be so regarded? What principle is violated? Does not sound policy require that the relation between the stockholder and the corporation in relation to the dividend should be simply that of debtor and creditor; that the stockholder should have his remedy at law, and that the corporation should be permitted to apply it by way of set-off to satisfy demands against the stockholder?

Why is the case distinguishable in principle from that of a stockholder who is also a depositor? The dividend and the deposit are alike debts due from the corporation to the stockholder. Both are in the keeping and under the control of the corporation with the assent and concurrence of the stockholder. It has been repeatedly decided that an action lies for a deposit by a depositor against a corporation after demand. The fact that he is a member of the corporation cannot vary the principle. *Downes* v. *The Phœnix Bank of Charlestown,* 6 *Hill* 297; *Watson* v. *The Phœnix Bank,* 8 *Metc.* 217.

In a limited sense, the deposit and the dividend in the hands of the corporation are alike trusts. Every deposit is a direct trust. Every person who receives money to be paid to another, or to be applied to a particular purpose, to which he does not apply it, is a trustee. *Kane* v. *Bloodgood,* 7 *J. C. R.* 110; *Scott* v. *Surman, Willes* 404. In this limited sense, and in no other, the corporation is a trustee of the dividend unpaid to the stockholder.

The debt is strictly demandable and to be paid at the office of the corporation. Admitting the right of the corporation to make it payable elsewhere, it must be done at the risk of the corporation. The debtor has no right, without the consent of the creditor, express or implied, to

intrust a third party with the fund for the purposes of payment. The trust company with whom the funds were deposited for payment was the agent of the corporation, not of the stockholders ; of the debtor, not of the creditor. If the agent prove faithless, or the fund is lost in his hands, the loss must fall upon the owner. The deposit was made in the name of the corporation, and was subject to their control. There is nothing in the special verdict that shows a consent, express or implied, on the part of the plaintiffs to their funds being intrusted to, or deposited with, the Ohio Life and Trust Company.

Strong considerations in support of this conclusion may, perhaps, as was urged upon the argument, be derived from the peculiar provisions of the charter of the railroad company, as well as from the policy of the law, which would deny to a corporation within this state the right to deposit moneys due to its creditors in the hands of a foreign corporation. But the decision is designedly based upon the sole ground, that after a dividend is declared, it becomes a debt ,due from the corporation to the stockholder as an individual, and that the selection of an agent for the payment of that debt by the debtor without the concurrence of the creditor must be at the risk of the debtor alone. The fund remains the property of the corporation until payment is made. If a loss is sustained, it falls upon the owner.

The judgment must be affirmed.

*For affirmance*—The CHANCELLOR, the CHIEF JUSTICE, and Judges BROWN, COMBS, CORNELISON, KENNEDY, RISLEY, SWAIN, and WOOD.

*For reversal*—None.

CITED *in Freeholders of Middlesex* v. *Thomas,* 5 *C. E. Gr.* 41.